**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **PETER ORTIZ,** *et al.*, | ) | **CASE NO. 1: 18 CV 80** |
| | ) | |
| **Plaintiffs,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| **v.** | ) | |
| | ) | <u>**OPINION AND ORDER**</u> |
| **WARDEN SHELDON,** *et al.*, | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

<u>**CHRISTOPHER A. BOYKO, J.:**</u>

## Introduction

This is a *pro se* civil rights action filed by Plaintiffs Peter Ortiz and John W. Perotti,

both state prisoners. The action was originally filed only by Plaintiff Ortiz, who filed a

motion to proceed *in forma pauperis*. On February 16, 2018, Plaintiffs Ortiz and Perotti filed

an Amended Complaint adding Perotti as a Plaintiff, as well as additional Defendants. (Doc.

No. 6.)  In the now-operative Amended Complaint (hereinafter, "Complaint"),[1] the Plaintiffs

seek declaratory and injunctive relief and damages against officials and employees of the

Mansfield Correctional Institution ("ManCi"), where they were incarcerated at the time the

Complaint was filed, and the Stark County Clerk of Courts, based on purported constitutional

rights violations in connection with the ManCi prison law library.  (*See id.*)  The ManCi

officials and employees named as Defendants are:  Warden Sheldon, Deputy Warden A.

Hunsinger, Law Librarian McKalee Weidner and Administrative Assistant Mr. Basquin.

The Plaintiffs first allege that Defendants Sheldon, Hunsinger, Weidner and the Stark

County Clerk of Courts are liable to Plaintiff Ortiz for constitutional rights violations "due to"

a policy requiring that any funds a prisoner makes in excess of $25 each month be credited to

his fine for courts costs before any excess may be used for other purposes.  The Plaintiffs

contend this policy leaves Ortiz without sufficient funds to "mail his legal mail out of the

prison, including his civil and criminal appeals" in violation of Due Process and his right of

access to the courts.  (*Id.* at ¶ 8.)

Second, the Plaintiffs allege that Defendant Weidner has refused to allow Perotti to

assist Ortiz and others in the law library and that she and Defendant Hunsinger have conspired

to retaliate against Perotti for doing so and for filing grievances about the library. (*See id.*, ¶

10.)  They allege retaliation and Due Process violations against Perotti on the basis that

Weidner filed "falsified conduct report[s]" against him that were ultimately referred to a Rules

Infraction Board, "where he was found guilty [and] given a punishment of law library

---

[1] *See In re Atlas Van Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000) (when a plaintiff files an amended complaint, the new complaint supersedes all previous complaints and controls the case from that point forward).

restriction that violates his access to the court."  (*Id.*  ¶¶ 10, 13.)

On April 23, 2018, Perotti filed a Motion for a Temporary Restraining Order and/or Preliminary Injunction in the case, seeking an order that the Defendants be compelled to allow him and other prisoners in segregation to have access to the law library and a legal computer. (Doc. No. 8.)

### Standard of Review

Although *pro se* pleadings are liberally construed, *see Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (*per curiam*); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), Federal District Courts are required under 28 U.S.C. § 1915A to review all complaints in which a prisoner seeks redress from "a governmental entity or officer or employee of a governmental entity," and to dismiss before service any such action that the Court determines is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915A(a), (b); *Hill v. Lappin,* 630 F.3d 468, 470 (6th Cir. 2010).  A complaint fails to state a claim on which relief may be granted when it lacks "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Id.* at 470-71 (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) governs dismissals for failure to state a claim under §1915A).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.

### Analysis

Upon review, the Court finds the Plaintiffs' Complaint must be dismissed pursuant to 28 U.S.C. § 1915A for failure to allege any plausible constitutional claim.

**Access to the Courts**

First, the Plaintiffs have not alleged any plausible claim to the extent they contend they have been denied their constitutional right of access to the courts. Although prisoners have a right under the First Amendment of access to the courts, *see Bounds v. Smith*, 430 U.S. 817, 821–24 (1977), the right is not unlimited and does not extend to every legal action or claim a prisoner wishes to pursue. *See Lewis v. Casey*, 518 U.S. 343, 349, 355 (1996). "[A] prisoner's right of access to the courts is limited to direct criminal appeals, *habeas corpus* applications, and civil rights claims challenging the conditions of confinement." *Courtemanche v. Gregels*, 79 F. App'x 115, 117 (6th Cir. 2003), citing *Lewis*, 518 U.S. at 355. "Impairment of any other litigating capacity is simply one of the incidental, and perfectly constitutional, consequences of conviction and incarceration." *Lewis*, 518 U.S. at 355.

Additionally, in order to state a cognizable claim, a prisoner must show that the defendants' actions actually prejudiced his efforts, *Shehee v. Grimes*, 39 F. App'x 127, 129 (6th Cir. 2002), and that he suffered "an actual injury to existing or contemplated litigation which raises nonfrivolous claims." *Courtemanche*, 79 F. App'x at 117. That is, the prisoner must allege "specific facts showing that he suffered prejudice" to a non-frivolous direct appeal, *habeas corpus* application, or civil rights action challenging the conditions of his confinement. *See McCurtis v. Wood*, 76 F. App'x 632, 634 (6th Cir. 2003) (affirming dismissal of a prisoner's access to the court claim where the prisoner failed "to allege the exact nature of his frustrated claims, whether he actually had pending cases which were

dismissed, or why he was unable to proceed on [the] alleged claims").

The Plaintiffs' allegations (that Ortiz is without sufficient funds to "mail his legal mail out of the prison" (Doc. No. 1. at ¶ 8) and that Perotti has been "unable" to file motions in "several of his civil and criminal appeals" (*id.* at ¶ 10)) are insufficient to allege the actual injury required to demonstrate a cognizable access to the courts claim. The allegations do not support a plausible inference that the conduct of any Defendant actually prejudiced the Plaintiffs, or caused them actual injury, in connection their efforts to pursue a non-frivolous claim on direct appeal, or in a *habeas corpus* application or civil rights action.

**Retaliation**

Second, the Plaintiffs' Complaint fails to allege any plausible retaliation claim on behalf of Plaintiff Perotti. A prisoner's claim that prison officials have retaliated against him for engaging in protected conduct is grounded in the First Amendment. *Thaddeus-X v. Blatter*, 175 F.3d 378, 388 (6th Cir. 1999) (en banc). A retaliation claim has three elements: 1) the prisoner engaged in protected conduct; 2) an adverse action was taken against the prisoner that would deter a person of ordinary firmness from continuing to engage in that conduct; and 3) a causal connection exists between the first two elements, *i.e.*, the adverse action was motivated at least in part by the protected conduct. *Id*. at 394.

Although the Plaintiffs allege that false conduct reports were pursued against Perotti in retaliation for his helping other inmates in the law library and/or for filing grievances, they have not sufficiently alleged a causal connection for purposes of an access to the court claim. That is, while the Plaintiffs contend various actions were taken against Perotti in retaliation, they do not allege facts supporting this position beyond their own conclusory assertions.

Conclusory allegations of retaliation are insufficient to demonstrate a causal connection. *See e.g., Shehee*, 39 F. App'x at 129 (affirming dismissal of retaliation claim and stating that "conclusory allegations" and "bare allegations of malice on the defendants' part are not enough to establish retaliation claims"). Furthermore, the conduct reports the Plaintiffs submit with their Complaint indicate that Defendant Weidner initiated conduct charges against Perotti due to his repeated inappropriate comments and behavior in the library.

**Due Process**

Third, the Plaintiffs have failed to allege any plausible Constitutional Due Process claim. In order to demonstrate a deprivation of Due Process, a plaintiff must allege and demonstrate that he was deprived of a protected life, liberty, or property interest without Due Process of law. *See* U.S. Const. amend XIV; *Bazzetta v. McGinnis*, 430 F.3d 795, 801 (6th Cir. 2005) (citing *Wilkinson v. Austin*, 545 U.S. 209 (2005)) ("Those who seek to invoke its procedural protection must establish that one of these interests is at stake.'").

The Plaintiffs apparently contend Ortiz has been deprived of Constitutional Due Process because monthly deductions are taken from his prisoner account to pay a court-ordered fine. (*See* Doc. No. 1 at ¶ 8). That a deduction has been made from a prisoner's account to pay a fine, however, is insufficient to support any plausible Due Process claim. *See, e.g, Abney v. Alameida*, 334 F.Supp.2d 1221, 1232 (S.D.Cal. 2004) ("Irrespective of whether Plaintiff alleges the deductions to pay the restitution order were authorized or unauthorized under state law, he has not stated a § 1983 claim for violation of his procedural due process rights.").

As to Perotti, Plaintiffs contend his procedural Due Process rights were violated

because Defendant Hunsinger and Weidner allegedly "twisted the procedural rules by overriding [a] hearing Officer and sending Perotti to RIB" on Weidner's conduct charges. (Doc. No. 1 at ¶ 11.)   These allegations, also, are insufficient to trigger Due Process concerns. "The Due Process Clause standing alone confers no liberty interest in freedom from state action taken within the sentence imposed." *Sandin v. Conner*, 515 U.S. 472, 480 (1995). Furthermore, the Plaintiffs do not allege cogent facts suggesting Perotti was not afforded basic procedural protections at any RIB hearing he had and there was some evidence to support guilty findings against him.

### Conclusion

For all of the foregoing reasons, the Plaintiffs' Complaint fails to state any plausible constitutional claim on which relief may be granted and is dismissed against all Defendants pursuant to 28 U.S.C. § 1915A.  Plaintiff Perotti's Motion for a Temporary Restraining Order and/or Preliminary Injunction (Doc. No. 8) is denied.  The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**


**s/ Christopher A. Boyko**
**CHRISTOPHER A. BOYKO**
**United States District Judge**

**Dated:**  May 16, 2018